CROWELL LUMBER & GRAIN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 366.   Promulgated April 14, 1927.

1. Deduction for repairs allowed.
2. Deduction for obsolescence disallowed.

*Ben Jenkins, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

In this proceeding the petitioner seeks a redetermination of its income and profits taxes for the year 1919, for which the Commissioner has determined a deficiency in an amount less than $10,000, the exact amount of which appears neither from the pleadings nor the evidence.  There is in controversy only so much of the deficiency as results from the disallowance by the Commissioner of two deductions claimed by the petitioner, the first a deduction of $250 for repairs and the second a deduction in the sum of $1,009.44 for obsolescence of a portion of a grain elevator.

### FINDINGS OF FACT.

The petitioner herein, a Nebraska corporation with its principal place of business at Omaha, owns and operates in the vicinity of that city a number of grain elevators.  In 1915 it purchased ten small elevators for a total consideration of $30,000.  One of the ten elevators was located at Coleridge, Nebr., and of the total consideration paid, $3,000 may be treated as its cost.  This elevator consisted of an elevator head house, an office, coal sheds, etc.  In 1915 there was expended thereon by way of additions and betterments the sum of $63.95; and in 1916 the sum of $1,968.45.

In 1919 the petitioner decided to recondition its Coleridge property and employed an expert in elevator construction to do the work. Repairs were made on the coal sheds at a cost of $250.  After investigation it was determined that the elevator head house could not be

repaired and that it would have to be torn down and rebuilt. The cost of demolishing the elevator head house was approximately the value of the materials salvaged.

Two-thirds of the cost of the properties acquired at Coleridge is attributable to the elevator head house.

### OPINION.

GREEN: The petitioner has established its right to a deduction for repairs in the sum of $250.

The evidence in support of the obsolescence deduction proved only that in 1919 the petitioner ascertained the run-down condition of the elevator head house and demolished and rebuilt it. Undoubtedly the petitioner is entitled to deduct as a loss the actual loss thus sustained. We have found that $2,000 is to be treated as the cost of the head house but there is no evidence whatever as to the amount of depreciation sustained thereon from the date of its acquisition to the date of its demolition. Without proof of the depreciated cost the loss can not be computed.

> *Judgment will be entered after 15 days' notice, under Rule 50.*